He Cheng
Robin.Cheng@glacier.law
Tao.Liu
Tao.Liu@glacier.law
**Glacier Law LLP**
200 Park Ave, Suite 1703
New York, NY 10166
Tel: +1 (332) 208-8882
Fax: +1 (312) 801-4587

*Attorneys for Plaintiff*
*CENTRE WAY COMPANY LIMITED.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Centre Way Company Limited,** | Civil Action No: 22-cv-5674 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **Guangzhou Wakiki Trading Co., Ltd., and ZHU AIJU** | Jury Trial Requested |
| Defendants. | |

Plaintiff Centre Way Company Limited ("Plaintiff" or "Centre Way"), by its attorneys, for its complaint for patent infringement against Guangzhou Wakiki Trading Co., Ltd., and ZHU AIJU (together "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising out of Defendants' patent infringement in violation of the Patent Law, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281-285.

2. Defendants' accused products "Led Display Digital Alarm Clock Battery Operated Smart Night Light" and "Digital Alarm Clock, Smart Sensor Night Light" infringe one or more claims of Plaintiff's U.S. Patent No. 7,477,229 ("the '229 Patent" or "Asserted Patent") – "Clock with Intelligent Backlight Device."

## THE PARTIES

3. Plaintiff Centre Way is an entity incorporated and located in Hong Kong, China.

4. Upon information and belief, Defendant Wakiki Trading Co., Ltd., is a business entity based in Guangzhou, China, that owns and operates ROCKCHOK Storefront on Amazon.

5. Upon information and belief, Defendant ZHU AIJU is an individual or a business entity based in Hong Kong, China, who owns and operates WulaWindy Storefront on Amazon.

6. Defendants use at least the following links/webpages to transact business: https://www.amazon.com/dp/B09X5STSNF, https://www.amazon.com/dp/B08GPSG3LN. A true and correct copy of the above webpages is attached as *Exhibit 1*.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Centre Way's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a)-(b).

8. Venue is proper in this Court under 28 U.S.C. §1391.

9. This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R.

§ 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3). Upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York, and/or derive substantial revenue from their business transactions in New York and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York.

10. Furthermore, Defendants directed its business with consumers in the State of New York and made the infringing products available for sale in the State of New York. Plaintiff's cause of action for patent infringement arises out of those activities.

## COUNT I - Infringement of the '229 Patent

11. Plaintiff repeats and re-alleges paragraphs 1-10 as if fully set forth herein.

12. U.S. Patent No. 7,477,229 ("the '229 Patent") was duly and lawfully issued by the United States Patent and Trademark Office on January 13, 2009. The '229 Patent is titled "Clock with Intelligent Backlight Device," names Shu Kwan Wong the inventor, and issued from U.S. Patent Application No. 11/048,747, which was filed on February 3, 2005.

13. The '229 Patent was duly assigned to Centre Way Company Limited, which is the owner of all right, title, and interest in and to the '229 Patent and possesses the exclusive right of recovery for past, present, and future infringement. Each claim of the '229 Patent is valid and enforceable. A true and correct copy of the '229 Patent is attached as *Exhibit 2*.

14. Defendants have been, and presently are, infringing one or more claims of the '229 Patent within this District and elsewhere by using, making, selling, offering to sell, and/or importing into the United States, products identified in this Complaint in violation of 35 U.S.C. § 271(a). Without limitation, this includes "Led Display Digital Alarm Clock Battery Operated Smart Night Light" and "Digital Alarm Clock, Smart Sensor Night Light" products shown in Exhibit 1.

15. Centre Way is informed and believes that Defendants' infringement of the '229 Patent has been and continues to be intentional, willful, and without regard to Centre Way's protected rights.

16. Centre Way is informed and believes that Defendants has gained profits by virtue of its willful infringement of the '229 Patent.

17. As a result, Centre Way has sustained damages as a direct and proximate result of Defendants' infringement of the '229 Patent.

18. Centre Way will suffer and is suffering irreparable harm from Defendants' willful infringement of the '229 Patent. Centre Way has no adequate remedy at law and is entitled to an injunction against Defendants continuing infringement. Unless enjoined, Defendants will continue its infringing conducts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with it and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from

   a. manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the Asserted Patent; and deliver to Plaintiff all products that infringe the Asserted Patent;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Patent;

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding

    the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Provider") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Patent claimed in the Asserted Patent;

3) A judgment that Defendants has infringed each of the Asserted Patent;

4) An award of damages for infringement of the Asserted Patent together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Defendants's infringement, as provided by 35 U.S.C. § 284;

5) Costs of suit;

6) Finding of the case to be exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

7) That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law; and

8) Such other relief as the Court may deem just and proper.

## JURY DEMAND

    Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: July 5, 2022                  Respectfully submitted,

                                        By: /s/ He Cheng
                                        He Cheng
                                        Robin.Cheng@glacier.law
                                        Tao.Liu
                                        Tao.Liu@glacier.law

        **Glacier Law LLP**
        200 Park Ave, Suite 1703
        New York, NY 10166
        Tel: +1 (332) 208-8882
        Fax: +1 (312) 801-4587

        *Attorneys for Plaintiff*
        *CENTRE WAY COMPANY LIMITED.*